UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALI D.[1],

        Plaintiff,

v.                                                                                      1:21-CV-53 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____

## DECISION AND ORDER

Plaintiff Ali D. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 5. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 6. For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's applications for Disability Insurance Benefits ("SSD") and Supplemental Security Income ("SSI"), both filed on May 14, 2018.[2] Tr. 267.[3] Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 30-70. Following the hearing, ALJ Brian W. Lemoine issued a decision finding that Plaintiff was not disabled. Tr. 12-29. Plaintiff's request for Appeals Council review was denied, after which he commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148,

---

[2] Plaintiff applied for both SSD and SSI. To receive SSD, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69-70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning SSD), 416.920(a)(4) (concerning SSI).

[3] The filing at Dkt. 4 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 4 are hereby denoted "Tr. __."

1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. <u>Disability Determination</u>

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. If

the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is

4

unable to perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given her/his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff met the insured status requirements through March 31, 2016, and that he had not engaged in substantial gainful activity since his alleged onset date of March 2, 2018. Tr. 17-18.[4] The ALJ found that Plaintiff had the medically determinable impairments of: history of a spinal pathology status post fall; substance use disorder; anxiety; and depression. Tr. 18. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities for 12 consecutive months; therefore, Plaintiff did not have a severe

---

[4] Plaintiff's alleged onset date is two years after his date last insured. Tr. 17. The ALJ considered Plaintiff's functioning under both applications for the whole period in issue through the date of his decision. Tr. 15-23.

5

impairment or combination of impairments. *Id.* The ALJ concluded that Plaintiff had not been under a disability since his alleged onset date of March 2, 2018. Tr. 22.

## II. Plaintiff's Argument

Plaintiff argues that the ALJ improperly assess his functional limitations without the benefit of a medical opinion. Dkt. No. 5 at 9-13. Plaintiff also argues that the ALJ did not properly evaluate his subjective complaints of pain and limitations. *Id.* at 13-17.

## III. Analysis

### A. Step Two Determination

In general, at step two of the disability analysis, the ALJ determines whether the plaintiff has an impairment, or combination of impairments, that is "severe" within the meaning of the regulations, in that it "significantly limits" plaintiff's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," including "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6). In addition, to be severe, the impairment must satisfy a durational requirement. *See id.* §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii).

Step two's severity requirement is *de minimis* and is meant only to screen out the weakest of claims. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). However, despite this lenient standard, the "mere presence of a disease or

impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient to render a condition severe." *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012) (quoting *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y. 1995)). "Rather, to be considered severe, an impairment or combination of impairments must cause more than minimal limitations in [a claimant's] ability to perform work-related functions." *Hastrich v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 388, 397 (W.D.N.Y. 2019), *appeal dismissed* (July 18, 2019) (citations omitted).

"A claim may be denied at step two only if the evidence shows that the individual's impairments do not have more than a minimal effect on the person's physical or mental abilities to perform basic work activities." *Schafenberg v. Saul*, 858 F. App'x 455, 456 (2d Cir. 2021); *see also Zenzel v. Astrue*, 993 F. Supp. 2d 146, 152 (N.D.N.Y. 2012)(same). "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." *Schafenberg*, 858 F. App'x at 456.

Lastly, plaintiff bears the burden of presenting evidence establishing severity. *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor*, 32 F. Supp. 3d at 265); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a). "Plaintiff's burden at step two is not heavy." *Marcus L. v. Comm'r of Soc. Sec.*, No. 20-CV-0167, 2021 WL 4204981, at *3 (W.D.N.Y. Sept. 16, 2021).

Plaintiff's assertion that a medical opinion was required to support the ALJ's step two determination, fails. Dkt. No. 5 at 9-10. An ALJ's decision at step two

7

must be "supported by 'substantial evidence' in the record as a whole." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *see Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991, 2018 WL 3751292, at *2 (W.D.N.Y. Aug. 7, 2018) ("[a] step two error is not reversible and does not necessitate remand where the record is devoid of evidence that the allegedly omitted impairments were severe"), *aff'd sub nom. Guerra v. Saul*, 778 F. App'x 75 (2d Cir. 2019). Therefore, although the record does not contain a medical source opinion pertaining to the severity of Plaintiff's impairments, the ALJ's step two determination was proper and supported by substantial evidence.

At step two, the ALJ determined that Plaintiff had the medically determinable impairments of history of a spinal pathology, substance use disorder, anxiety, and depression. Tr. 18. However, the ALJ concluded that these impairments were non-severe because they did not result in more than minimal functional limitations during the period in issue. Tr. 19. In making his determination, the ALJ relied on Plaintiff's statements to providers and objective evidence in the record. Tr. 18-22.

The ALJ concluded that Plaintiff's spinal impairment was not severe based on evidence in the record that this impairment resolved in February 2017, more than a year prior to Plaintiff's alleged onset date. Tr. 20. Indeed, Plaintiff reported to a provider that he "no longer has pain in back and does not need pain management referral." Tr. 735. Objective physical examinations of Plaintiff were normal. Sources observed that Plaintiff ambulated with a normal gait, had full

8

strength, no neurological deficits, no tenderness, and full range of motion. *See* Tr. 420, 424, 603, 606, 637, 678. Regarding Plaintiff's hypertension, the ALJ relied on objective evidence providing blood pressure readings. Tr. 20.

Plaintiff fails to provide any evidence in the record that his spinal impairment, or any other physical impairment, limited his ability to perform basic work activities. *See Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d at 276 (plaintiff bears the burden of presenting evidence establishing severity).

The ALJ concluded that Plaintiff's mental impairments were non-severe based on objective evidence in the record. The ALJ concluded that Plaintiff had no more than mild limitations in the four broad areas of functioning. Tr. 21-22.[5] A mental impairment rated as "none" or "mild" will generally not qualify as "severe," whereas those rated as "moderate," "marked," or "extreme" will qualify as "severe" under step two. *Schafenberg*, 858 F. App'x at 456; *see Cherry v. Comm'r of Soc. Sec. Admin.*, 813 F. App'x 658, 661 (2d Cir. 2020) (ALJ properly determined plaintiff's mental impairments were not severe based on substantial evidence in the record showing his mental impairments caused only mild limitations).

---

[5] The four areas, or more commonly known as "paragraph B criteria," represent the areas of mental functioning a person uses in a work setting. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00(A)(2)(b). The four areas are: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.* An ALJ will determine the degree to which a plaintiff's medically determinable mental impairment affects the four areas of mental functioning and plaintiff's ability to function independently, appropriately, effectively, and on a sustained basis. *Id.*

9

The ALJ concluded that Plaintiff had "no more than mild limitations" in his ability to understand, remember, or apply information. Tr. 21. The ALJ relied on objective observations describing Plaintiff has having a "logical" thought process. *Id.* Indeed, Plaintiff was described as well groomed, cooperative, with clear/coherent speech, appropriate emotional range and content, logical thought process, relevant/organized thought content, no perceptual disturbances, and with an intact memory. Tr. 556. Other providers also observed that Plaintiff had an intact memory. Tr. 420. The ALJ also concluded Plaintiff had "no more than mild limitations" in his ability to interact with others. Tr. 21. Again, the ALJ relied on objective observations by medical providers. *Id.* Providers observed that Plaintiff was pleasant, maintained normal eye contact, spoke normally, and had appropriate hygiene and grooming. Tr. 556.

The ALJ concluded that Plaintiff had "no more than mild limitations" in the areas of concentration, persistence, or pace and in adapting or managing oneself. Tr. 21. The ALJ relied on objective observations in the medical record. Providers described Plaintiff as "attentive" and "interested." Tr. 618. Providers observed that Plaintiff was dressed "appropriately" and with good hygiene, presented with "bright affect," and was pleasant and cooperative. Tr. 493, 556, 618. Further, Plaintiff showed intact judgment and insight. Tr. 420, 619, 637.

Plaintiff fails to provide any evidence in the record that his mental impairments limited his ability to perform basic work activities. *See Smith*, 351 F.

Supp. 3d at 276 (plaintiff bears the burden of presenting evidence establishing severity).

Although no medical source provided an opinion regarding the severity of Plaintiff's impairments, no such opinion was required. The ALJ properly relied on objective medical evidence in the record to support his determination that Plaintiff's physical and mental impairments were non-severe. Therefore, the ALJ's step two denial supported by substantial evidence in the record.

## B. Subjective Complaints

Plaintiff argues that the ALJ failed to evaluate properly his subjective complaints of pain and limitations. Dkt. No. 5 at 13-17. Specifically, Plaintiff argues that the ALJ failed to provide an analysis of his daily activities and failed to discuss his allegations. *Id.* at 16.

The ALJ must employ a two-step analysis to evaluate a plaintiff's reported symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* §§ 404.1529(a), 416.929(a). Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit a plaintiff's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) plaintiff's daily activities; (2) the location, duration, frequency, and intensity of plaintiff's pain or other

11

symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication plaintiff takes or has taken to relieve his pain or other symptoms; (5) other treatment a plaintiff receives or has received to relieve his pain or other symptoms; (6) any measures that a plaintiff takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning plaintiff's functional limitations and restrictions due to his pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii).

The ALJ evaluated Plaintiff's subjective complaints and concluded that Plaintiff's allegations "cannot be wholly accepted." Tr. 19. The ALJ reasoned that the objective medical evidence did not establish mental and physical conditions of a severity consistent with Plaintiff's alleged impairments. *Id.* The ALJ concluded that "while the nature of [Plaintiff's] pathologies are evidence in the record, their severity as demonstrated by the objective medical evidence of record is incongruous with [Plaintiff's] allegations of disabling disorders." *Id.*

Contrary to Plaintiff's assertion, the ALJ discussed his allegations of disabling impairments. Dkt. No. 5 at 16. The ALJ considered Plaintiff's allegations of disabling spinal pathologies and hypertension. Tr. 18, 318. The ALJ noted Plaintiff's hearing testimony that his conditions impaired his ability to walk, stand, climb stairs, and carry objects. Tr. 19. The ALJ also noted Plaintiff's testimony that he can only stand for an hour at a time. *Id.*

To be sure, the ALJ did not provide a discussion of Plaintiff's daily activities in assessing his subjective complaints. However, the ALJ is not required to provide

a "slavish recitation of each and every factor" so long as "the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013). Although the ALJ did not outline Plaintiff's alleged activities of daily living, the ALJ's adherence to the regulations was clear. The ALJ outlined the appropriate regulations. Tr. 18. The ALJ provided a summary of Plaintiff's allegation of disabling impairments and limitations. Tr. 18-19. The ALJ outlined objective medical evidence that he determined did not support Plaintiff's allegations. Tr. 19-22. Therefore, although the ALJ did not specifically address Plaintiff's daily activities, his adherence to the regulations was clear and substantial evidence supported his determination that Plaintiff's subjective complaints were not supported by the record.[6]

### C. Consultative Examiner

Plaintiff makes the related argument that the ALJ "should have obtained" a medical opinion to support his step two findings. Dkt. No. 5 at 10. Plaintiff also appears to assert that the Commissioner cannot argue that the ALJ's failure to obtain a consultative examination was excused by Plaintiff's failure to cooperate in scheduling and attending a consultative examination. *Id.* at 10-13.

---

[6] An ALJ "is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010); *see also Snyder v. Saul*, 840 F. App'x 641, 644 (2d Cir. 2021) ("Considering the deferential standard of review, the ALJ did not err in finding that the limitations described by Snyder did not fully match the medical records provided.").

The ALJ was not required to order a consultative examination. First, as outlined here, a medical opinion was not required to support the ALJ's step two determination. Second, the relevant regulations state a consultative examination is ordered at the Administration's request, on an individual case basis, and when appropriate. *See* 20 C.F.R. §§ 404.1519, 416.919. A consultative examination is useful to "try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow [the ALJ] to make a determination or decision" on the claim. *Id.* §§ 404.1519a(b), 416.919a(b).

However, an ALJ is not required to order a consultative examination if the facts do not warrant or suggest the need for it. *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 32 (2d Cir. 2013) (citing *Lefever v. Astrue*, 5:07-CV-622, 2010 WL 3909487, at *7 (N.D.N.Y. Sept. 30, 2010), *aff'd* 443 F. App'x. 608 (2d Cir. 2011)); *see also Yancey v. Apfel*, 145 F.3d 106, 114 (2d Cir. 1998) (ALJ did not neglect duty to develop record by failing to order consultative psychological examination where the only evidence suggesting an issue was doctor's statement to plaintiff that the problems were "in her head"). If the evidence in the record is sufficient to render a decision on the plaintiff's disability, an ALJ is not required to order a consultative examination. *See* 20 C.F.R. §§ 404.1517, 416.917; *see Hamilton v. Comm'r of Soc. Sec.*, No. 18-CV-1509, 2020 WL 4283895, at *3 (W.D.N.Y. July 27, 2020) (the available record presented no information that required interpretation by a clinical or consultative professional).

14

The ALJ had sufficient evidence to render a decision, namely, the record contained Plaintiff's written application, hearing testimony, and treatment records from the relevant time period. *See Janes v. Berryhill*, 710 F. App'x 33 (2d Cir. 2018) (the ALJ is not required to develop the record any further when the evidence already presented is adequate for the ALJ to make a determination as to disability). And Plaintiff was represented by counsel at all stages of his application process. Tr. 106.

Lastly, Plaintiff's claim that the Commissioner cannot assert that he failed to cooperate with obtaining a consultative examination, is misplaced. Dkt. No. 5 at 10-13. Here, nothing in the record indicates that a consultative examination was ordered. The ALJ did not hold Plaintiff's failure to attend an examination—that was not scheduled—against him. As stated by Defendant, the administrative decision made no mention of it, and the ALJ did not suggest he was drawing any inferences. Dkt. No. 6 at 11. Therefore, Plaintiff has identified no error, legal or otherwise, related to this issue. *Id.*

In sum, the Court cannot set aside the Commissioner's disability determination unless it finds that the decision is based on either legal error or factual findings that are unsupported by substantial evidence. The "substantial evidence" standard "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[I]t is . . . a very deferential standard of review - even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec.*

15

*Admin.*, 683 F.3d 443, 448 (2d Cir. 2012). In particular, it requires deference "to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 6) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 5). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   July 21, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE